UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOVAN CAMPBELL, *on behalf of herself and all others similarly situated*,<br><br>Plaintiff,<br><br>-against-<br><br>ISOLATOR FITNESS, INC.,<br><br>Defendant. | |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/03/2023

23-CV-2286 (JGLC) (BCM)

**MEMORANDUM AND ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

Plaintiff Jovan Campbell brings this action on behalf of herself and all others similarly situated against Isolator Fitness, Inc. (Isolator), alleging that Isolator's website is not accessible to blind and visually impaired customers and thus violates Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* Now before the Court, on referral from the Hon. Jessica G.L. Clark, United States District Judge, is plaintiff 's motion for default judgment. (Dkt. 17.)

For the reasons that follow, plaintiff's motion is denied without prejudice to refiling once plaintiff has complied with the requirements of Local Civ. R. 55.2.[1]

**Background**

Plaintiff filed this action on March 17, 2023. (Dkt. 1.) On March 21, 2023, the Hon. Jesse M. Furman, United States District Judge, to whom this matter was then assigned, referred it to me

---

[1] Because the Court is denying plaintiff's request for dispositive relief without prejudice, I proceed by Memorandum and Order rather than by report and recommendation. *See*, *e.g.*, *Field v. Exponential Wealth Inc.*, 2023 WL 2263120, at *7 (S.D.N.Y. Feb. 27, 2023) (denying by order a motion for default judgment under Rule 55 without prejudice); *U.S. Bank Nat'l Ass'n as Tr. for RMAC Tr., Series 2016-CTT v. Nanan*, 2022 WL 9449632, at *1 (E.D.N.Y. Oct. 14, 2022) ("Because this Court concludes that the motion for default judgment should be denied without prejudice and with leave to [refile], the disposition of this motion is not dispositive of any party's claim or defense. The Court thus proceeds by Order rather than by Report and Recommendation."), *objections overruled*, 2022 WL 16855727 (E.D.N.Y. Nov. 10, 2022).

for general pretrial management. (Dkt. 6.) On May 3, 2023, plaintiff filed proof of service of the summons and Complaint, reflecting service on April 25, 2023, by the Sheriff's Office of Berks County, Pennsylvania, on Diana Irineo, who was identified as a "manager" for Isolator. (Dkt. 8.) Isolator's answer was due on May 16, 2023, but none was filed.

By June 29, 2023, defendant still had not answered or otherwise responded. On that date, I ordered plaintiff to either apply for a certificate or file a stipulation granting defendant additional time to respond to the Complaint. (Dkt. 10.) Plaintiff did neither. On July 13, 2023, I directed plaintiff to show cause "why this action should not be dismissed pursuant to Fed. R. Civ. P. 16(f)(1)(C) and/or Fed. R. Civ. P. 41(b) for failure to comply with this Court's orders and/or for failure to prosecute." (Dkt. 11.)

On July 19, 2023, plaintiff filed her proposed Certificate of Default (Dkt. 12), and by letter dated July 20, 2023 (Dkt. 15), "acknowledge[d] that missing any court orders is unacceptable and unwarranted," but "ask[ed] that the Court be lenient enough in this instance to allow for a default judgment to be sought in short order." That same day, the Clerk of Court issued the Certificate of Default. (Dkt. 14.) On July 21, 2023, I discharged the show cause order by memorandum endorsement and reminded plaintiff "that, pursuant to Local Civ. R. 55.2(c), she must mail her default papers to defendant at its last known address. (Dkt. 16.)

On August 21, 2023, plaintiff filed her motion for default judgment, supported by the affirmation of Mars Khaimov (Dkt. 18), which attached the Complaint (Dkt. 18-1), proof of service of the Complaint (Dkt. 18-2), and the Certificate of Default issued to Isolator. (Dkt. 18-3.) Plaintiff also filed a proposed order. (Dkt. 19.) However, plaintiff did not file proof of service of her motion papers on Isolator at its last known business address, as required by Local Civil Rule 55.2(c). On

August 23, 2023, Judge Clarke referred the motion for default to me for report and recommendation. (Dkt. 20.)

On August 29, 2023, I ordered plaintiff to serve a copy of (1) her Complaint, (2) the Certificate of Default, (3) her motion for default judgment and supporting papers, including her proposed order, and (4) the Court's most recent order on defendant Isolator at its last known business address, and to file such proof of service on the docket of this action. (Dkt. 21.) On September 11, the Court reminded plaintiff of this requirement, and ordered her to comply by September 18, 2023. (Dkt. 22.) On September 21, 2023, the Court issued a third order, directing plaintiff to comply no later than September 28, 2023, and warned her that failure to do so may result in the summary denial of her default motion. (Dkt. 23.) Plaintiff has yet to comply.

## Discussion

Fed. R. Civ. P. 55 "provides a 'two-step process' for the entry of judgment against a party who fails to defend: first, the entry of a default, and second, the entry of a default judgment." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011) (quoting *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005)). The first step, ordinarily performed by a clerk, *see* Fed. R. Civ. P. 55(a), "formalizes a judicial recognition that a defendant has, through its failure to defend the action, admitted liability to the plaintiff." *Mickalis Pawn Shop*, 645 F.3d at 128. The second step, which in most cases requires a motion made to and granted by the district judge, *see* Fed. R. Civ. P. 55(b)(2), "converts the defendant's admission of liability into a final judgment that terminates the litigation and awards the plaintiff any relief to which the court decides it is entitled[.]" *Mickalis Pawn Shop*, 645 F.3d at 128.

Local Civil Rule 55.2(c) requires that the party seeking entry of default judgment "apply to the Court as described in Fed. R. Civ. P. 55(b)(2), and shall append to the application: (1) the

Clerk's certificate of default, (2) a copy of the claim to which no response has been made, and (3) a proposed form of default judgment." "Service of the motion on non-appearing defendants is of particular importance because 'mailing notice of such an application is conducive to both fairness and efficiency[.]'" *Chocolatl v. Rendezvous Cafe, Inc.*, 2020 WL 3002362, at *3 (E.D.N.Y. Feb. 20, 2020) (quoting Committee Note, Local Civ. R. 55.2), *report and recommendation adopted*, 2020 WL 1270891 (E.D.N.Y. Mar. 17, 2020).

"Local rules have the force of law, as long as they do not conflict with a rule prescribed by the Supreme Court, Congress, or the Constitution." *Lopez v. Metro & Graham LLC*, 2022 WL 18809176, at *3 (E.D.N.Y. Dec. 16, 2022) (quoting *Contino v. United States*, 535 F.3d 124, 126 (2d Cir. 2008)), *report and recommendation adopted*, 2023 WL 2140418 (E.D.N.Y. Feb. 21, 2023). "A motion for default judgment will not be granted unless the party making the motion adheres to all of the applicable procedural rules." *Bhagwat v. Queens Carpet Mall, Inc.*, 2017 WL 9989598, at *1 (E.D.N.Y. Nov. 21, 2017); *see also Abbas v. Hestia Tobacco, LLC*, 2020 WL 9812912, at *3 (E.D.N.Y. Aug. 28, 2020) ("Plaintiff's failure to comply with Local Rule 55.2 warrants denial of the motion, without prejudice to renewal upon demonstration of proper service"); *United States v. Hamilton*, 2019 WL 6830318, at *2 (E.D.N.Y. Nov. 26, 2019) ("[C]ourts in the Eastern and Southern Districts regularly deny [default judgment] motions when strict procedural compliance is lacking."), *report and recommendation adopted*, 2019 WL 6828276 (E.D.N.Y. Dec. 13, 2019); *Saheed v. Parker*, 2019 WL 1324026, at *3 (S.D.N.Y. Mar. 25, 2019) (denying motion for default judgment because "Plaintiff's moving papers do not demonstrate that [plaintiff] has complied with" Local Civ. R. 55.2(c)); *Augustin v. Apex Fin. Mgmt.*, 2015 WL 5657368, at *3 (E.D.N.Y. July 27, 2015) ("Plaintiff's failure to comply with Local Civil Rule 55.2 alone warrants denial of the motion, without prejudice to renew with an

affidavit demonstrating proper service."), *report and recommendation adopted*, 2015 WL 7430008 (E.D.N.Y. Nov. 23, 2015). "A district court has broad discretion to determine whether to overlook a party's failure to comply with local court rules." *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir. 2001).

In the instant matter, plaintiff was reminded of the need to comply with Local Civil Rule 55.2(c) prior to filing her motion for default judgment (*see* Dkt. 16), but filed no proof of service with her motion. (*See* Dkt. 18.) Since then, this Court has ordered her on three separate occasions (Dkts. 21-23) to serve a copy of her Complaint, the Certificate of Default, her motion for default judgment and her supporting papers, and her proposed order on Isolator, to no avail.

Although this Court has broad discretion to overlook plaintiff's failure to comply with Rule 55.2, plaintiff's disregard of basic procedural rules has required court intervention numerous times over the short life of this case. Plaintiff herself "acknowledge[d] that missing any court orders is unacceptable and unwarranted," and asked for leniency when she failed to obey *one* of this Court's orders. However, she then proceeded to ignore this Court's express reminder, followed by *three* orders, to comply with Rule 55.2. Given plaintiff's egregious intransigence, and considering the important policy considerations undergirding Rule 55.2, *i.e.*, fairness and efficiency, I decline to excuse plaintiff's repeated defiance of this Court's orders, and instead deny her motion for default judgment, without prejudice to renewal.

## Conclusion

Given plaintiff's disregard for both the applicable procedural rules and three of this Court's prior orders, her motion for default is hereby DENIED without prejudice to renewal once service has been accomplished in accordance with Local Civil Rule 55.2(c). Plaintiff must accomplish such service and renew her motion no later than **November 3, 2023**.

The Clerk of Court is respectfully directed to close the motion at Dkt. 17. The Clerk of Court is further respectfully directed to mail a copy of this Order to defendant Isolator Fitness, Inc. at 1801 N 12th Street, Suite 102, Reading, PA 19604.

Dated: New York, New York
      October 3, 2023

**SO ORDERED.**

**BARBARA MOSES**
**United States Magistrate Judge**